THORNAL, Justice.
By petition for writ of certiorari Teague seeks review of an order of the Florida Railroad and Public Utilities Commission denying his application for a certificate of public convenience and necessity to engage in the common carriage of household goods.
*797 The point to determine is whether in the entry of the order under assault the Railroad and Public Utilities Commission deviated from the essential requirements of the law. •
On July 27, 1955 Teague filed his application for a. certificate to engage as a common carrier of household goods with equipment domiciled at Fort Walton Beach. At the hearing on the application held November 30, 1955, protestant Ferriss Warehouse and Storage Company opposed the application on the basis .of the fact that it held certificate No. 423 authorizing it to engage as a common carrier of household goods with equipment domiciled at Fort Walton Beach and that under the circumstances the public necessity and convenience did not justify the issuance, of another permit to Teague.
Ultimately the Commission denied Teague’s application, holding that on the basis of the showing made the public necessity and convenience did not justify the granting of another permit. By petition for writ of certiorari this order of the Commission numbered 3544 and a subsequent order numbered 3700 denying Teague’s petition for a rehearing are brought here for review.
In view of the circumstances hereafter summarized Teague contends that the order of the Commission is erroneous under our decision in Seaboard Air Line R. Co. v. King, Fla.1956, 89 So.2d 246.
The Commission joined .by the protestant Ferriss contends that the order under attack was adequately supported by competent substantial evidence and that the Commission complied with the essential requirements of the law in denying the Teague application.
Originally Ferriss held a “for hire” permit No. 239 pursuant to which it engaged in the carriage of household goods with its domicile at Pensacola. Subsequent to the issuance of this “for hire” permit the Commission on December 30, 1952 entered its order No. 2791. This latter order was a comprehensive revision of the procedures and the rules and regulations theretofore governing “for hire” permits relating to the carriage of household goods. By order No. 2791 the Commission converted all “for hire” permits with reference to the carriage of household goods into certificates of common carriage for household goods. All household goods “for hire” permit holders as of December 30, 1952 had theretofore been notified of the hearing pursuant to which this order was entered.- The order-shows that -seventeen such carriers including Ferriss were actually present. .The required public .-notice -was given and two public hearings were held on the revision of the rules and- regulations and the desirability- in the interest .of-the public convenience and necessity -of converting the “for hire” permits into so-called limited certificates of common carriage relating to the hauling of household goods.
By its order No. 2791 the Commission determined that all “for hire” permits to haul household goods should be revoked and in lieu thereof “a certificate -of public convenience and necessity for the limited common carriage of household goods” “Should issue by separate and individual order to each carrier.” The order further provided that the holders of such re-issued “certificates” should then fully comply with the provisions of the revised rules and regulations governing such carriage.
On January 26, 1953 the Ferriss “for hire permit No. 239 was re-issued as certificate No. 423 with authority to domicile its equipment at Pensacola. This revocation of the “for hire” permit and re-issuance as Certificate of Common Carriage of Household Goods No. 423 was accomplished pursuant to the provisions of order No. 2791, heretofore described.
'On August 16; 1954 Ferriss/-pursuant to application to the Commission, received authority to extend the certificate to the domiciling of equipment at Fort Walton Beach. While admittedly there was no further public hearing on the conversion of the *798 Ferriss “for hire” permit No. 239 into the Ferriss certificate No. 423, it is obvious from the record that this conversion was accomplished pursuant to Commission order No. 2791 which was entered after a full public hearing pursuant to notice duly given.
Teague now contends that the Ferris “for hire” permit could not be converted into certificate No. 423 without a separate independent hearing with reference to that particular permit. To support his position he relies on our decision in Seaboard Air Line R. Co. v. King, Fla.1956, 89 So.2d 246, 248. In taking this position it appears to us that Teague disregards completely the full and comprehensive public hearings pursuant to notice which preceded the entry of order No. 2791 in accord with which the Ferriss “for hire” permit was converted into certificate No. 423.
The case before us now is not controlled by the decision in Seaboard Air Line R. Co. v. King, supra. In the case last mentioned the “for hire” permit of one Sims was transferred to one Robinson as a “limited common carrier certificate” to haul household goods. It was then extended so as to authorize the hauling of fertilizer. In Seaboard Air Line R. Co. v. King, supra, the “for hire” permit went through the metamorphosis of becoming a “limited common carrier certificate” merely by a change of designation in the application for the transfer thereof. The notice of hearing described the paper as a “limited common carrier certificate” whereas it was no more than a “for hire” permit. The order of the Railroad and Public Utilities Commission describing the document as a “limited common carrier certificate” was completely without jurisdictional foundation for the simple reason that the document was merely a “for hire” permit whereas the notice of the hearing for the transfer described it as a “limited common carrier certificate.” We there pointed out that there appeared to be no authority for the transfer of a “for hire” permit and further that such a permit could not be converted into a certificate of common carriage merely by the re-designation thereof by the holder thereof.
In the instant case the re-classification of all of the “for hire” permits in existence as of the date of Commission order No. 2791, towit, December 30, 1952, was accomplished after full public hearings participated in by many carriers and pursuant to due and adequate public notice. The distinction between the case before us and the case cited as authority for reversal obviously is that in the matter now under consideration the limited certificate for the common carriage of household goods was issued only after a full and proper public hearing. In the case relied upon by the petitioner, the holder of the “for hire” permit attempted to convert it into a certificate of limited common carriage merely by changing its-name.
We therefore find that Ferriss had a valid effective certificate of common carriage for the hauling of household goods with equipment domiciled at Fort Walton Beach at the time Teague filed his application. Ferriss was therefore entitled to participate in the proceeding as a protestant against the issuance of a further certificate to Teague. The Commission had before it competent substantial evidence to support its conclusion that the public necessity and convenience did not justify the issuance of another such certificate and we fail to find where the Commission has in any fashion deviated from the essential requirements of the law.
The petition for certiorari is denied.
TERRELL, C. J., THOMAS and O’CONNELL, JJ., and PARKS, Circuit Judge, concur.